NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-37

ERIC SKOGLUND

vs.

STATE STREET BANK & TRUST COMPANY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Eric Skoglund, appeals from the entry of summary judgment against him in the Superior Court.  Skoglund argues that throughout the proceedings he experienced judicial bias and deceptive attorney practices, and that the judge failed to adequately address his case.  Skoglund does not, however, argue in his brief any facts relating to the merits of the judgment.  For essentially the reasons set forth in the judge's memorandum and order, we agree that summary judgment for defendant State Street Corporation (State Street)[1] was proper.

---

[1] While Skoglund's initial complaint named "State Street Bank & Trust Company" as the defendant, his civil action cover sheet (and all the pleadings) identified "State Street Boston Corporation," an entity once related to State Street Corporation but dissolved before Skoglund filed the complaint.  State Street

As nothing raised in Skoglund's brief warrants disturbance of the judgment, we affirm.

Discussion. Skoglund argues that he has been subjected to judicial bias throughout the adjudication of this case. He argues that when the judge asked him "[a]nything else?" twice during the hearing on the motion for summary judgment, the judge was disrespectful and showed bias. We disagree. The judge did not interrupt Skoglund and granted him appropriate opportunities to conclude his presentation.

Skoglund additionally argues that State Street was improperly favored when allowed to file its motion for summary judgment when no Superior Court Rule 9C(a) conference had taken place. However, Skoglund was contacted prior to the filing of the motion and failed to respond to State Street. Therefore, pursuant to Rule 9C(a), the motion was properly filed with the certificate attesting that reasonable efforts to confer had been made, and we discern no bias against Skoglund.[2]

Skoglund also argues that State Street's attorneys engaged in "deceptive attorney practices" by not responding to his

informed the court that the plaintiff's employer was State Street Bank & Trust Company, a wholly owned subsidiary of State Street Corporation.

[2] We do not address Skoglund's allegations of judicial bias at other stages of the litigation as none of those allegations bear on the ultimate judgment.

2

discovery requests related to claims that had been dismissed. We disagree. The order on the motion to dismiss allowed limited discovery, confined to the issues of comparators for the gender discrimination claim and detrimental reliance for the misrepresentation claim. When Skoglund sought discovery unrelated to these two issues, State Street correctly objected and declined to provide responses. In addition, Skoglund argues that State Street's attorney engaged in deceptive practices when, at the hearing on the motion for summary judgment, she (1) made statements regarding the networking meeting and interviews that Skoglund believed to be untruthful, and (2) stated that because Skoglund had not disagreed with the statement of facts accompanying the motion for summary judgment, the facts were deemed admitted. After review of the record, we conclude that the attorney did not make intentionally untruthful statements and merely clarified her client's positions. Moreover, Rule 9A(b)(5)(iii)(A) of the Rules of the Superior Court (2023), stated that on a motion for summary judgment, if the nonmoving party fails to object to a fact in the statement of material facts, the fact is deemed admitted. The attorney's reliance on this rule in her presentation to the judge was not deceptive.

Finally, Skoglund argues that the Superior Court failed "to adequately address the original case." First, he argues that he

3

submitted a change of address but that he did not receive notice of a hearing on his motion for reconsideration; however, no hearing was held on this motion, and therefore no scheduling notice was sent to the parties. Second, Skoglund notes his concern that there was no progress on his case for a year, but he does not explain how this timeline prejudiced him. Finally, he argues that he did not receive sufficient notice of the status conference held on March 27, 2024. After review of the record, we note that Skoglund requested the status conference by e-mail message on March 18, 2024, and the Superior Court scheduled the conference in response to his request by replying to his e-mail message on March 19, 2024. The notice was adequate given the circumstances.

Judgment affirmed.

By the Court (Massing,
Sacks & Allen, JJ.[3]),

*Paul Little*

Clerk

Entered: February 2, 2026.

---

[3] The panelists are listed in order of seniority.